WILLIAM S. BURKHART v. LEONORA FORNEY BURKHART.

197 So. 730
Division B
Opinion Filed August 2, 1940
Rehearing Denied En Banc September 20, 1940

*R. E. Kunkel* and *E. P. White* and *Kunkel & White,* for Appellant;

*A. C. Franks,* for Appellee.

CHAPMAN, J.—On January 11, 1939, appellee here, plaintiff below, filed in the Circuit Court for Dade County,

Florida, a sworn bill of complaint alleging, viz.: "Your oratrix and the defendant are each over and above the age of twenty-one years and that each of the parties are residents of the County of Dade and State of Florida, and have been residents of said State and County for a period of years and for more than ninety days next prior to the filing of this bill of complaint; that the defendant, William S. Burkhart, is temporarily residing or in business in the City of Cincinnati, County of Hamilton, State of Ohio, and resides at Burkhart's Sanitarium, Reading, State of Ohio."

The bill of complaint further alleges that the parties were married on October 24, 1926, and lived and cohabited together until the 15th day of November, 1938. The plaintiff charged the defendant below with extreme cruelty and the habitual indulgence of violent and ungovernable temper, and the prayer of the bill is for: (a) That the court take jurisdiction of the parties and subject matter; (b) the plaintiff be granted a divorce *avinculo matrimonii;* an appropriate order for temporary alimony, court costs and counsel fees.

On April 1, 1939, an order was entered by the Clerk of the Circuit Court of Dade County requiring the defendant to appear and defend the suit on or before May 1, 1939, and the order was published for four consecutive weeks in a newspaper published in Dade County, Florida. On May 1, 1939, William S. Burkhart, appellant, filed a motion to quash the order for constructive service and to dismiss the proceedings, and the same was, viz.:

"MOTION TO QUASH ORDER FOR CONSTRUCTIVE SERVICE AND TO DISMISS PROCEEDINGS.

"Now comes the defendant, William S. Burkhart, appearing herein specially and solely for the purpose of contesting the jurisdiction of this court: (1) over the person of

this defendant, and/or (2) over the subject matter of this suit, and not otherwise, and thereupon says:

"I. That the matrimonial domicile of the plaintiff and the defendant is now and continuously has been since their marriage, in the City of Reading, Hamilton County, Ohio; that neither plaintiff nor defendant is now or ever has been a resident of Dade County, Florida, but on the contrary, they continuously since their marriage resided in and have been residents of the City of Reading, Hamilton County, Ohio.

"II. That plaintiff and defendant were legally married on October 23, 1926, in Cecil County, State of Maryland; that at the time of said marriage the defendant had been a resident of the City of Reading, Hamilton County, Ohio, continuously for over twenty-five years; that immediately following their said marriage plaintiff and the defendant returned to the defendant's home and residence at Cherry Hill in the said City of Reading, where they resided and lived continuously since the date of said marriage; that for many years the defendant owned certain properties in Dade County, Florida, and by reason of his health and on the advice of his physician he has spent, accompanied by his wife, considerable time during the winter months in and around Miami, Dade County, Florida; that immediately following the winter season in Ohio he has returned to his residence in Reading accompanied by his wife, and resumed his residence in said city; that the plaintiff herein, wife of the defendant, was a registered voter in Hamilton County, Ohio, and during the time that she was away from her residence, with the defendant in Florida, she obtained, for the purpose of voting, absentee voter's ballot from the Board of Elections of Hamilton County, Ohio, as evidenced by photostatic copy, marked 'Exhibit A,' and made a part

of this motion. Defendant further states that during the summer and fall of 1938 he and plaintiff lived and resided at their home in Reading, Ohio, until on or about October 15, 1938, when they left for Miami, Florida; that they registered and lived together until Thanksgiving Day in Miami at the Royalton Hotel; that business affairs required the attention of the defendant at his home in Reading, and he returned to Reading and his wife left for a visit with her daughter in Philadelphia, Pennsylvania; that following her visit with her daughter plaintiff herein returned to Miami, Florida, on or about January 1, 1939, and without notice to the defendant filed this action against the defendant on January 11, 1939. Defendant further states that during all of said period that he was in Reading, Ohio, and his wife was in Philadelphia, he sent her each week a check for her maintenance and support, and has continuously contributed in excess of $25.00 a week for her maintenance since her return to Miami, Florida. This defendant further states that the absence of plaintiff from their home and residence in Reading, Ohio, and her failure to return to said home following her visit with her daughter on or about January 1, 1939, was not caused or occasioned by any default or conduct on the part of the defendant, and that at the time she filed her petition herein she had only been living in Dade County, State of Florida, for a period of approximately eleven days.

"WHEREFORE defendant respectfully submits that this court has no jurisdiction over the person of this defendant, nor has the court a lawful right to hear and determine the alleged rights of the plaintiff to be divorced from this defendant or to grant plaintiff any relief in such cause whatsoever.

"WHEREFORE defendant moves the court as follows: (a) To quash the order for constructive service herein; (b) To dismiss plaintiff's petition and the proceedings herein.

"Kunkel & White,
"Attorneys for Defendant.
"By R. E. Kunkel."

On May 9, 1939, Honorable Alto Adams, Circuit Judge, made and entered an order referring the cause to Honorable H. H. Eyles as special master in chancery for the purpose of taking testimony on the issues presented by the said motion. The parties appeared before the special master, considerable testimony was taken upon the issues presented, and after the taking of all the testimony, the special master filed his report in writing at considerable length. The material portions are, viz.:

"12. I assume it to be true that a man may have his principal place of business in New York, where he spends a major portion of his time, with an apartment in New Jersey, where he maintains a room and where he sleeps at night, while attending to his business in New York, and where he qualifies as a citizen and votes, and yet might maintain a family in Florida, who remained here the larger portion of the year and only departed from here on short visits. In my opinion, under such facts, Florida would clearly be the matrimonial domicile of the parties to such a marriage, at least for the purpose of fixing the residence of the wife.

"13. In this case the defendant undoubtedly brought his wife to Florida immediately after their second marriage, and has maintained her here for the greater portion of each year since such time, and has not maintained a home for her at any other place; that here was the place she spent most

of her married life with him, and this was the place to which she shortly expected to return when leaving here to visit him at his place in Ohio; that here was the place she left all of her belongings not necessary for immediate use when leaving on such trips, and that here was the place the defendant left many of his personal belongings when leaving here for Ohio.

"14. Considering all of the conflicting testimony and the fact that the marriage was based upon an agreement to make Florida their permanent home, and the fact that the testimony does not show that the plaintiff and defendant have ever maintained a matrimonial domicile for a continuous period in Ohio; that the family of the defendant (i. e., the wife) spent from six to eight months of the year in Florida and only a few weeks or months in Ohio, it is my opinion, and I so find, that the matrimonial domicile of the parties was in Florida, and that the plaintiff was a bona fide resident of the State of Florida on the date of the filing of her bill and had been such a resident for more than 90 days prior thereto. I therefore find that the motion to quash service and to dismiss the bill should be denied."

Exceptions to the special master's report were filed by William S. Burkhart and the same were heard by the Honorable Arthur Gomez, Circuit Judge, on September 15, 1939, and an order was entered: (a) overruling the exceptions to the special master's report and confirming and approving the same; (b) the motion to quash the order for constructive service and to dismiss the bill of complaint each were overruled and denied; (c) that the special appearance of the defendant entered on May 1, 1939, for the special and sole purpose of contesting the jurisdiction of the court over the person of the defendant and over the subject matter of the suit and to quash the order for constructive service

and the motion to dismiss the proceedings made by the defendant, or his counsel, constituted in law a general appearance of the defendant and gave the court jurisdiction of the parties and the subject matter. From this order an appeal has been perfected and the cause is here for review.

The question to be determined by this Court is whether or not the evidence offered by the respective parties before the Special Master shows that Leonora Forney Burkhart had resided in the State of Florida for a period of ninety days prior to filing the bill of complaint. We have given careful consideration to the evidence offered by the parties, the written report of the special master before whom the testimony was taken, and the conclusions of the chancellor below as expressed in the order dated September 15, 1939, and we find ample testimony in the record to support the conclusions reached.

The case at bar is ruled by Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486. We fail to find error in the record and the order or decree appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

BROWN, J., dissents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

CHAPMAN, J.—As pointed out in the original opinion, the sole question for a decision was whether or not from the evidence adduced it was shown that Leonora Forney Burkhart had resided in the State of Florida for a period of 90 days prior to filing her bill of complaint. The case was referred to a special master for the purpose of taking testimony on the issues made by the motion to dismiss. The

parties submitted their testimony and the special master found from all the evidence adduced that the plaintiff was a bona fide resident of Florida on the date of filing her bill of complaint and had been such a resident for a period of 90 days prior thereto and recommended to the chancellor below that an order be entered denying the motion to quash the service and dismissing the bill of complaint.

Exceptions were filed thereto by counsel and the court below entered an order denying the motion to quash the service and dismissing the bill of complaint. The petition for rehearing sets out numerous reasons based largely on questions of fact why this Court erred in affirming the ruling of the lower court. We think these conflicts and disputes in the testimony were correctly decided and we fail to find error in reviewing the order assigned as error.

It is next contended that the case at bar is not ruled by Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486, as stated in the original opinion. A careful study of the authorities appears to sustain this contention. The motion to quash the service and dismiss the bill of complaint in the case at bar appears to follow the language of Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14. The practice for contesting the jurisdiction of the court as outlined in Bowmall v. Bowmall is hereby reaffirmed. The record shows that the language of the motion to quash the service and dismiss the bill of complaint in Sternberg v. Sternberg, *supra,* sought additional relief.

The petition for rehearing is hereby denied.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

BROWN, J., concurs specially.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

Brown, J. (concurring specially).—I concur in the holding that the special appearance and motion to quash herein did not constitute a general appearance so as to give the trial court jurisdiction of the person of the defendant, who is the appellant here. The Bowmall case controls on this point. In this respect the court below, in holding to the contrary, was clearly in error. But the question as to whether the evidence sustained the finding of the master and the chancellor, to the effect that the plaintiff had been a bona fide resident of this State for ninety days preceding the filing of her bill, is a rather close and difficult one. However, not being firmly convinced that this finding was erroneous, I join with the other participating Justices in affirmed the action of the court below in this regard.