**THOMAS L. TALLENTIRE, and WILLIAM S. BURKHART REALTY CORPORATION, v. LEONORA FORNEY BURKHART.**

14 So. (2nd) 395                                                    June Term, 1943
July 2, 1943                                                               En Banc
Rehearing Denied July 22, 1943

*Henry K. Gibson* and *E. Clyde Vining,* for petitioners.

*A. C. Franks,* for respondent.

SEBRING, J.:

Thomas L. Tallentire and William S. Burkhart Realty Corporation are here on petition for certiorari. Certain phases of the suit have been before this court on previous occasions. See Burkhart v. Burkhart, 141 Fla. 450, 193 So. 434; 141 Fla. 724, 193 So. 834; 144 Fla. 168, 197 So. 730; 144 Fla. 176, 198 So. 21; 145 Fla. 547, 200 So. 694; Burkhart v. Circuit Court, Eleventh Judicial Circuit, et al., 146 Fla. 457, 1 So. (2nd) 872; Tallentire v. Burkhart, 150 Fla. 137, 7 So. (2nd) 326.

The facts necessary to a decision in the present case are that Leonora Forney Burkhart procured a final decree of divorce from her husband, William S. Burkhart. The decree

required the payment of permanent alimony, suit money and costs and awarded the wife a money judgment for approximately $40,000 for money recited to have been advanced to him by her. No appeal was ever taken from the final decree.

After the final decree had been entered, steps had been taken by Mrs. Burkhart to subject certain real property in Dade County held in the name of the William S. Burkhart Corporation to the payment of the judgment. Some effort had also been made by her to sell certain stock in the William S. Burkhart Realty Corporation, which, allegedly, was owned by Burkhart. The Corporation and Tallentire had been permitted to intervene in the action to enforce the judgment; the intervenors denying that Burkhart owned any interest in the real property or in the stock of the corporation. See Tallentire v. Burkhart, 150 Fla. 137, 7 So. (2nd) 326. In due course Mrs. Burkhart answered the allegations of the petitions for intervention, testimony was taken, and an order made thereon. No attempt was ever made by the petitioners to review this order, as might have been done had they been dissatisfied with its terms. Bancroft, et al., v. Allen, et al., 128 Fla. 14, 174 So. 749.

Thereafter, the intervenors filed still another petition directing their attack aganist the final decree entered in the main proceedings and seeking to have it set aside on the ground of want of jurisdiction over the person of the defendant. Upon hearing, an order was entered denying the relief sought. The petition for certiorari is grounded upon that order. The question is whether the intervenors have standing in court to collaterally impeach the decree in the main proceeding.

Although it has been recognized that a stranger to a proceeding may, under certain circumstances, impeach a final decree for want of jurisdiction over the defendant in a suit, it is clear that he has no standing upon which to base a collateral attack upon the judgment unless his personal or property rights are injuriously affected thereby. Freeman on Judgments, 5th Ed. Sec. 319, p. 636. The law does not permit wanton or unnecessary attacks upon its judgments, and they will stand as valid against a third person who is

unable to show that he has a real and substantial interest in avoiding the judgment, and one which the law is bound to protect. Black on Judgments, 2nd Ed. Sec. 260, p. 391.

In the present case the petitioners have not brought themselves within the application of the rule. The final decree in the main litigation was entered solely against Burkhart. Consequently, the judgment, if valid at all, is a personal judgment only against him. No attempt was made in the main litigation to bind the intervenors, or any property owned by them, for the payment of the judgment. The judgment does not even pretend to be a lien upon any of their assets—by express words or otherwise.

The petitioners are strangers to the main suit. They were originally allowed to come in as intervenors after final decree, only because by subsequent motion in the cause Mrs. Burkhart sought to impound certain property claimed by them to the satisfaction of the judgment against her former husband. To the extent that it was necessary for them to be given an opportunity to defend such rights as they had against the threatened action of Mrs. Burkhart, they had sufficient standing in court to entitle them to resist any attempt upon her part to enforce the judgment against their property. Tallentire v. Burkhart, *supra;* Freeman on Judgments, 5th Ed. Sec. 310, p. 623. But otherwise, they cannot be heard to question the decree rendered in the main proceeding (as they now are attempting to do) because it cannot be said that they are injuriously affected thereby.

For reasons stated, the application for certiorari should be denied.

It is so ordered.

BUFORD, C. J., TERRELL, CHAPMAN and THOMAS, JJ., concur.

BROWN, J., dissents.

ADAMS, J., disqualified.