**FREDERICKA LUCIAN, as Executrix of the Estate of Leonore Forney Burkhart, Deceased, v. THE SOUTHERN OHIO SAVINGS BANK & TRUST COMPANY, as Executor of the Estate of William S. Burkhart, Deceased.**

18 So. (2nd) 27                                    January Term, 1944
May 12, 1944                                                  En Banc
Rehearing Denied June 6, 1944

BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.
BUFORD, C. J., TERRELL and CHAPMAN, JJ., dissent.

TERRELL, J., dissenting:

This appeal is from an interlocutory injunction restraining the enforcement of a decree of this Court dated June 10, 1941, dissolving the bonds of matrimony between William S. Burkhart and Leonore Forney Burkhart, awarding the latter, who was the plaintiff, alimony, suit money and attorneys' fees, directing the defendant to pay the plaintiff $31,430.00, with interest found to be due her from defendant, and adjudicating a Pontiac automobile to be the property of the plaintiff. Different phases of the case have appeared in this Court a dozen times or more but we do not detail them.

The Burkharts are both deceased. This suit having been brought by the executor of the estate of William S. Burkhart against the executrix of the estate of Lenore Forney Burkhart both strangers to the main cause. It is contended that

that part of the judgment of this Court decreeing a money judgment against William S. Burkhart is illegal and void because Burkhart was at the time a nonresident of the State of Florida, that he did not appear personally in the cause, that personal service was not secured upon him, that his property was not seized, sequestered or attached and that jurisdiction over his person was not secured. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, is relied on to support this contention.

The decisive question is whether or not the court secured jurisdiction over the person of Burkhart or his property located in this State that was subject to the judgment.

It will clarify the atmosphere to state at the outset that the sole reason for service of process, whether personal or constructive, in such a cause, is to put the defendant on notice of the proceeding against him and afford him a chance to defend if he may elect to do so. If he appears voluntarily and submits himself to the jurisdiction of the court the purpose of process is accomplished.

It is quite true that the decisions affecting the parties and the subject matter hereto are somewhat confusing but it is shown that the parties had maintained a home in Florida for many years, that the property involved was within the jurisdiction of the courts of Florida and that the marital domicile of the parties was in the State of Florida. The bill of complaint prayed for divorce, temporary and permanent alimony, counsel fees, suit money, accounting and for the interpretation of a prenuptial settlement agreement entered into between the parties.

The defendant contested every ground for relief set out in the bill by special appearance, motion to quash and motion to dismiss. On disposition of these pleadings it was ultimately held (Burkhart v. Burkhart, 144 Fla. 176, 198 So. 21) that the husband's special appearance and motion to quash and dismiss did not constitute a general appearance so as to give trial court jurisdiction of the person of the husband where the said husband sought no additional relief.

Later the circuit court entered judgment in favor of the plaintiff for attorneys' fees and suit money when Burkhart by counsel applied to this Court for prohibition against the

circuit court to restrain it from entering a personal judgment against him because he had not been served with process. A rule nisi was entered to which Mrs. Burkhart filed a demurrer and the circuit court filed its answer on consideration of the issue thus made. The rule nisi was quashed and the petition was dismissed, the court holding that the orders could be reviewed on appeal.

In the prohibition suit the question of the court's jurisdiction of the parties and the subject matter was fully presented and in this and other phases of the litigation it is shown that the court had seized and sequestered the property by the appointment of a receiver to take and hold it. The court further found that in view of the material domicile of the parties in Florida the courts of Florida had power and authority to enforce their judgment against the properties. Burkhart v. Circuit Court, Eleventh Judicial Circuit, et al., 146 Fla. 457, 1 So. (2nd) 872.

The case of Pennoyer v. Neff, relied on by respondent, was disposed of on the theory that the defendant was a non-resident, that the judgment against him was a personal one for a money demand, that process was not served on him, that he did not appear voluntarily and that his property was seized or sequestered by the court. The defendant was, in other words, not on notice of the action against him and had no chance to defend his rights.

In the case at bar, plaintiff and defendant had long been part time residents of the State of Florida, they owned a home here, the res was here and in the jurisdiction of the court, they purposely established their marital domicile, every phase of the contest was characterized by the presence of defendant or his counsel to protect his rights, there was not a step in the cause that he did not vigorously contest, he could not possibly have done more to protect his rights if he had had a basket of processes served on him, he was advised of every step in the cause at the time it was taken and took steps promptly to protect his rights. His conduct satisfied every element of a voluntary appearance.

In Tallentire, et al., v. Burkhart, 153 Fla. 278, 14 So. (2nd) 385, one of the dozen phases of this case we held that

the law does not permit wanton or unnecessary attacks on judgments and they will stand as valid against a third party who is unable to show that he has a real and substantial interest in avoiding judgment and one which the law is bound to protect. The defendant Burkhart has been dead more than two years and the final judgment is more than two and one-half years old. The original complainant here is the executor of Burkhart's estate and is a stranger to the cause. It has no interest in the property and is not shown to be personally affected by the judgment such as would give it any standing here.

I am mindful of the decisions of this Court holding that Burkhart's special appearance did not constitute a general appearance so as to give the trial court jurisdiction of the defendant but we have not previously had the validity of the judgment challenged in the manner revealed in this case. I think that the history of this litigation shows conclusively that Burkhart was a party to precipitating it, that he was conscious of and ably defended himself at every step in the cause, that his conduct amounted to a voluntary appearance and that parties hereto are estopped to raise this question.

This holding is more conclusively supported by the showing that in the very beginning of this litigation the special master, the chancellor and this Court held that Burkhart and his wife both had their marital domicile in this State and that the courts of Florida had jurisdiction of the parties and the subject matter. In Pennington v. Fourth National Bank of Cincinnati, 243 U. S. 269, 61 L. Ed. 713, 37 S. Ct. 282, it was held that the only essential to the exercise of the state's power are presence of the res within its border, its seizure at the commencement of proceedings and the opportunity of the owner to be heard. Under the facts stated this case concludes the case at bar.

I think the petition for certiorari should be granted and the order appealed from quashed. I therefore dissent and am authorized to say that Mr. Chief Justice BUFORD and Mr. Justice CHAPMAN join in this dissent.

BUFORD, C. J., and CHAPMAN, J., concur.