## Calleri *v.* Calleri, Appellant.

Argued March 2, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Nicholas R. Degillio*, for appellant.

*Thomas E. Mack*, for appellee.

OPINION BY FLOOD, J., March 19, 1964:

In this divorce suit brought in Luzerne County, jurisdiction was obtained over the defendant in Columbia County by personal service upon him in accordance with Pa. R. C. P. No. 1124(a)(1) by the Sheriff of the latter county deputized to do so by the Sheriff of Luzerne County. Thereafter the court ordered him to pay counsel fees and costs to the plaintiff. Still later the court entered a rule upon the defendant to show cause why an attachment should not issue against

him to enforce the payment of counsel fee and costs. The rule to show cause was served upon the defendant in Columbia County by a constable of Luzerne County.

The defendant contends that since he was never served personally in Luzerne County the court has no jurisdiction over him in personam and, therefore, cannot impose counsel fees and costs upon him or attach him for contempt. The difficulty with this position is that the court obtained jurisdiction over his person by the personal service of the complaint under Pa. R. C. P. No. 1124(a)(1). This gave the Common Pleas Court of Luzerne County jurisdiction over him for all purposes in connection with the suit for divorce, including the making of an order for payment of counsel fees and costs. Act of May 2, 1929, P. L. 1237, §§15(1)(e), 46, as amended, 23 PS §§15(1)(e), 46. Since it has jurisdiction to make the order, the court also has jurisdiction to enforce it by the normal method of attachment for contempt. The attachment, being ancillary to the divorce proceeding, does not require service in the way in which original process would have to be served. Nothing further need be done to acquire jurisdiction. The only thing necessary was to give notice in the method provided by Pa. R. C. P. No. 233. This was properly done when the rule to show cause why the attachment should not issue was served in Columbia County by the constable who is a "competent adult". Pa. R. C. P. No. 233(a)(2)(a).

The order of the court below, discharging the defendant's rule to show cause why the court's order imposing counsel fees and costs should not be vacated, was properly entered.

Order affirmed.