PER CURIAM.
The question presented by this appeal is whether the ex-husband should have been allowed, in Florida, to collaterally attack Pennsylvania judgments for alimony and attorney’s fees.
*850 In September 1963, the wife brought suit for divorce in Pennsylvania, but the husband was no longer to be found within the Commonwealth. Service was made, therefore, in New Jersey, pursuant to Rule 1124 of the Pennsylvania Supreme Court, 12 P.S. Appendix, which provided, in part:
“(a) The complaint in an action of divorce or annulment of marriage may be served

“(3) by the plaintiff, outside the Commonwealth, by
“(a) having any attorney at law, other than the attorney for the plaintiff, hand a copy to the defendant, * * * ”

The husband chose not to appear in Pennsylvania and was never personally served within that state. Divorce a mensa et thoro was ultimately granted and subsequently money judgments were entered for delinquent alimony and attorney’s fees by the Pennsylvania court.
This action in equity was brought to enforce the Pennsylvania judgments for alimony and attorney’s fees. The husband attempted to raise certain affirmative defenses in his answers and amendments, so as to collaterally attack the Pennsylvania judgments. He asserted, inter alia, that he (a) was not a resident or domiciliary of Pennsylvania; (b) was not served within the Commonwealth of Pennsylvania; (c) did not voluntarily appear in the Pennsylvania proceeding, and (d) was not subject to Pennsylvania in personam judgments.
The chancellor held that the Pennsylvania judgments could not be collaterally attacked in Florida and entered a summary final decree from which the husband now appeals. We reverse.
In Pawley v. Pawley, Fla.1950, 46 So.2d 464, at page 473, 28 A.L.R.2d 1358, the Supreme Court said:

“ * * * [I]f the wife secured her divorce in a state having no jurisdiction over either the person or the property of the defendant clearly its courts did not have the requisite jurisdiction to pass on the question of alimony. * * * ”

In Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957), a Nevada ex parte divorce decree purporting to extinguish the wife’s rights to alimony had been raised in a New York proceeding. The United States Supreme Court, citing Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), held that although the Nevada decree was valid to dissolve the marriage, “the Nevada divorce Court was as powerless to cut off the wife’s support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce Court’s jurisdiction * * See also: Ades v. Ades, 70 Ohio App. 487, 45 N.E.2d 416 (1942); Geary v. Geary, 272 N.Y. 390, 6 N.E.2d 67, 108 A.L.R. 1293 (1936); 24 Am.Jur.2d Divorce and Separation, § 978 ; 27B C.J.S. Divorce § 247.
Florida has previously recognized the concept of divisible divorce. See Paw-ley v. Pawley, supra. This concept recognizes that a divorce proceeding has two separable aspects, i. e., that relating to the marriage and that relating to the personal property rights and obligations of the parties. While domicile of the plaintiff alone is a sufficient basis for determination of the former, personal jurisdiction is required for the latter. See Goodrich Conflict of Laws, § 132 (4th Ed.1964).
In First Nat. Bank of Cresson, Pa. v. Brown, 119 Fla. 761, 162 So. 142, 144 (1935), the Florida Supreme Court stated:

“It is well settled in this and other jurisdictions that where a suit is brought in one state upon a judgment obtained in *851 another state the question of jurisdiction of the tribunal entering the judgment over the person sued is open to inquiry and adjudication in the court where suit was instituted on the foreign judgment.
* sfc * »
* * * * * *
In Futterman v. Gerber, Fla.App.1959, 109 So.2d 575, this court recognized that an Illinois judgment, predicated upon personal service of the defendant outside the State of Illinois, could be collaterally attacked in Florida on grounds of jurisdiction over the person. See Ill.Ann.Stat. c. 110, § 17. See also: Peacock v. Peacock, 160 Fla. 630, 36 So.2d 206 (1948); Lucian v. Southern Ohio Sav. Bank & Trust Co., 156 Fla. 370, 23 So.2d 674 (1945).
The wife contends that none of the foregoing authorities are pertinent since Rule 1124, supra, grants the courts of Pennsylvania jurisdiction for all purposes in a divorce proceeding, citing Calleri v. Calleri, 203 Pa.Super. 366, 198 A.2d 621 (1964), as authority for this proposition. An examination of that case reveals that it was concerned wtih a husband who resided in Luzerne County, Pennsylvania, and who was served in Columbia County, Pennsylvania, and that under the rule, supra, this was sufficient to give the court jurisdiction. We agree with that conclusion but it is not applicable here, since it involved personal service of process on a defendant in Pennsylvania.
In Barraclough v. Barraclough, 167 Pa.Super. 608, 76 A.2d 504 (1950), the husband contended that a demand for alimony called for a judgment in personam and since he was not personally served in Pennsylvania, a judgment in personam could not be entered against him. The Pennsylvania appellate court stated, “We do not reach that interesting question.” It commented, in returning the case to the lower court, that the lower court might decide not to award alimony because a judgment in personam would be invalid.
Two Pennsylvania cases decided prior to Barraclough, supra, indicate that unless a non-resident husband is served within the State of Pennsylvania, the Pennsylvania court would not have power to make a binding decree in personam against the husband. See Boudwin v. Boudwin, 320 Pa. 147, 182 A. 536 (1936); Civera v. Civera, 174 Pa.Super. 43, 98 A.2d 432 (1953).
We therefore find in the case sub judice that the chancellor erred in entering the summary final decrees and that under these circumstances, the husband should have been permitted to collaterally attack the validity of the judgments entered by the courts in Pennsylvania.
The summary final decree also determined that the court would, upon appropriate motion and hearing, make an allowance for attorney’s fees and fix costs. Appellant claims this to be reversible error.
The complaints filed herein were not to establish the Pennsylvania final decree of divorce a mensa et thoro as a local decree of the Florida court, as in Sackler v. Sackler, Fla.1950, 47 So.2d 292, 18 A.L.R.2d 856. Attorney’s fees were allowed in Sack-ler where there was a prayer that a New York decree for alimony be established and enforced by the equity courts of Florida. The court noted, at page 295, that:
* * * * * *■
“* * * Under the view we have adopted, the instant suit is not one merely for the collection of a debt due under a foreign decree, but is one to establish and enforce a decree for the payment of alimony * * ”

The prayers here were solely for money decrees, interest, costs, and attorney’s fees, and “that such decrees be enforced by equitable processes.” Since the instant suits were merely attempts to collect on the judgments due under a foreign decree, the *852 rationale of Sackler, therefore, would be inapplicable.
No authority existed under Sackler, nor has any been demonstrated on appeal, which would permit the awarding of attorney’s fees under the facts and circumstances shown here.
The summary final decree is reversed and remanded for action consistent herewith.
It is so ordered.