484 So.2d 1331 (1986)
ZONING BOARD OF MONROE COUNTY, Board of County Commissioners of Monroe County, Monroe County, Upper Keys Citizens Association and Wendall Wheaton, Appellants,
v.
Miriam B. HOOD, Joseph M. Burton and U.S. Home Corporation, Appellees.
No. 85-1988.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Fine, Jacobson, Schwartz, Nash, Block & England and Stuart L. Simon and Debbie L. Mescon, Miami, for appellants.
Johnson, Blakely, Pope, Bokor & Ruppel and John Blakely, Clearwater, for appellees.
Before HENDRY, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Appellees/petitioners sought a zoning change to accommodate a "major development project." A decision of the Zoning Board of Monroe County which disapproved the proposed plan for development was affirmed by the Board of County Commissioners of Monroe County.
On application of the appellees a trial de novo was conducted by the circuit court pursuant to section 163.250, Florida Statutes *1332 (1983).[1] Thereafter, on a stipulation executed by the Monroe County Attorney on behalf of the respondents, and by counsel for the petitioners, a final judgment was entered.[2] The stipulation for a judgment approved the development conditioned principally on the developers' reduction of the project's intensity so as to reduce environmental impacts. It was also agreed between the parties that another lawsuit then pending in federal court between some of the parties would be dismissed with prejudice.
The final judgment required the Zoning Board to "review and approve the final development plan" after determining that "it is complete and is substantially in accordance with the conditionally approved preliminary development plan." Upon a finding that the conditions and requirements had been fulfilled it was agreed and ordered that the site would be rezoned accordingly. Lastly, the court reserved jurisdiction of the action to enforce the executory provisions of the judgment. No appeal was taken.
The Zoning Board, in accordance with the stipulated judgment, conducted public hearings, determined that all conditions and requirements were satisfied, approved the final development plan, and ordered the rezoning. The development order was appealed to the Board of County Commissioners by Wendall Wheaton, an adjoining property owner, and the Upper Keys Citizens Association, who were not parties in the trial which culminated in the stipulated judgment. Seven months later, the Board of County Commissioners, without giving a reason, overruled the Zoning Board's approval of the final development plan  the development plan which had been conditionally approved by the final judgment of April 1984.[3] Appellees' motion to the trial court for enforcement of its judgment was heard and granted. This appeal, joined in by the Zoning Board and the Board of County Commissioners, is brought from the order enforcing the judgment.
In striking the county commission resolution which overruled the development plan the Zoning Board had approved, the trial court aptly summed up the County's argument:
(A) The County [Commission] agreed to require the Zoning Board to approve the conditional development plan; [but]
(B) the County [Commission] did not agree to affirm the Zoning Board's approval of the plan; [thus]
(C) the County [Commission] was free to reverse the Zoning Board's approval of the plan.
If the County's argument is accepted then the final judgment entered by the court on agreement between the County and the appellees is rendered meaningless since the County would have reserved to itself the right to reject the judgment. The trial court rejected the argument. So do we.
A final judgment is one which determines the rights of the parties and disposes of the cause on its merits leaving nothing else to be done but the execution of the judgment. Gore v. Hansen, 59 So.2d 538 (Fla. 1952); DeFilippis v. DeFilippis, 378 So.2d 325 (Fla. 4th DCA 1980). It was certainly the intention of all the parties that the dispute was to be adjudicated to finality, which was then done to the satisfaction of all the parties. Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981) (where, following entry of "order enforcing settlement" between parties, there was nothing whatever left for court to do in pending action, other *1333 than to enforce what the order required of the parties, the order was a final judgment).
After expiration of the time for taking an appeal, the only vehicle for setting aside the final judgment would be by a proper motion made pursuant to Florida Rule of Civil Procedure 1.540, as the trial court noted.[4] The parties to the stipulated final judgment are otherwise bound to its terms.
Affirmed.
NOTES
[1] Section 163.250 was repealed in 1985. Ch. 85-55, § 19, Laws of Fla.
[2] The respondents in the trial court action were the Zoning Board of Monroe County, Board of County Commissioners of Monroe County, and the State Attorney for the Sixteenth Judicial Circuit. The petitioners were Miriam B. Hood, Joseph M. Burton and U.S. Home Corporation.
[3] The political makeup of the Board of County Commissioners changed after the date of the stipulation. A new member of the present commission was formerly a member of the Zoning Board when it disapproved the preliminary development plan.
[4] Appellants Wheaton and Upper Keys Citizens Association, although strangers to the original court action, may assail the judgment either by a motion filed pursuant to Florida Rule of Civil Procedure 1.540(b), based on fraud, see Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981), or by an independent collateral attack in which they may show fraud, collusion, lack of jurisdiction, or that they should have had notice of the intended stipulated judgment because enforcement of the judgment would adversely affect their substantial rights. See Gaylord v. Gaylord, 45 So.2d 507 (Fla. 1950); Tallentire v. Burkhart, 153 Fla. 278, 14 So.2d 395 (1943); Crosby v. Burleson, 142 Fla. 443, 195 So. 202 (1940); Shapiro v. DiGuilio, 95 Ill. App.2d 184, 237 N.E.2d 771 (1968).