WILLIAM S. BURKHART, Petitioner, v. CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, et al., Respondents.

1 So. (2d) 872

En Banc

Opinion Filed March 11, 1941

Rehearing Denied April 18, 1941

*Thomas J. Ellis* and *Kunkel & White,* for Petitioner;

*A. C. Franks,* for Respondent.

CHAPMAN, J.—This is a case of original jurisdiction in prohibition. The petition for the writ alleges in part, that the Honorable Worth W. Trammell and Arthur Gomez, judges of the Circuit Court of Dade County, Florida, have acted and are continuing to act contrary to law in the case of Burkhart v. Burkhart, 144 Fla. 168, 197 So. 730, a proceeding for divorce, temporary alimony, attorneys' fees and court costs *pendente lite* now pending in the Circuit Court of Dade County, Florida.

The petition for writ of prohibition recites that Leonora F. Burkhart, on January 11, 1939, filed a bill of complaint in the Circuit Court of Dade County, Florida, against William S. Burkhart praying for a decree of divorce, alimony and attorneys' fees; that on April 1, 1939, an order of publication was issued and published, which ordered William S. Burkhart to appear on May 1, 1939; that no,

summons or subpoena in chancery or other process was issued or served on William S. Burkhart; and that he has never appeared or answered the bill of complaint or otherwise submitted himself to the jurisdiction of the Circuit Court of Dade County; that on May 1, 1939, William S. Burkhart filed a special appearance and motion to quash the order for constructive service and to dismiss the proceedings, and limited his special appearance solely for the purpose of contesting the jurisdiction of the court, and in this manner raised the question of the right of Leonora F. Burkhart to maintain the divorce suit, claim for alimony, attorney's fees and costs *pendente lite,* upon the theory that she was not a resident of the State of Florida for a period of ninety days prior to the filing of said suit; the issues were referred to a master, who took the evidence of the parties and upon the report coming in, the lower court held that the plaintiff was a resident of Florida, and had a right to maintain said suit and that the court had jurisdiction over the person of the defendant; on appeal therefrom this Court on August 2, 1940, by its opinion affirmed the findings of the lower court; on September 20, 1940, a petition for rehearing was denied, and a mandate issued accordingly.

The record discloses that on December 4, 1940, Honorable Arthur Gomez, circuit judge, decreed the amount of a reasonable attorney's fee for the plaintiff to be the sum of $1500.00, and directed William S. Burkhart to pay the same, and upon a default of the payment of said sum within five days from and after December 4, 1940, that an execution issue therefor; and on the same date allowed plaintiff temporary alimony pending the entry of a final decree in the sum of $250.00 per month, beginning on December 2, 1940; and that other material questions affecting the parties would be reserved until final hearing. That on January 3, 1941, Honorable Worth W. Trammell, circuit judge, decreed that

there was due Leonora F. Burkhart by William S. Burkhart as temporary alimony under the decree dated December 14, 1940, the total sum of $500.00 and entered a final judgment for said amount and directed the issuance of a writ of execution therefor.

The petition for a writ of prohibition further recites that certain property of William S. Burkhart has been levied upon under the two orders dated December 4, 1940, and January 3, 1941, respectively, and that the property of the petitioner, William S. Burkhart, located in Dade County, Florida, is now being advertised for sale and that the proceeding is now being taken in the lower court without personal service of process on William S. Burkhart, but upon constructive service. had.

It is further recited that the lower court is without jurisdiction over the person of William S. Burkhart and was without jurisdiction to enter said orders in the chancery proceeding and that the remedy by appeal in behalf of petitioner therefrom is not plain, speedy and adequate and that the proceedings in the sale of said property located in Dade County, Florida, under the aforesaid chancery orders is without due process of law and contrary to the fundamental guaranties of the State and Federal Constitutions.

The Honorable Worth W. Trammell, circuit judge, answered the rule *nisi* issued on the aforesaid petition for writ of prohibition and admitted the signing and entry of the order dated January 3, 1941, in pursuance of his constitutional authority. as a judge of the Circuit Court of Dade County. A similar answer was filed by the Honorable Arthur Gomez. An answer and demurrer by the respondent, Leonora F. Burkhart was filed and one of the grounds of said demurrer was that the petition for writ of prohibition failed to set out facts authorizing the issuance thereof; and an additional ground was that the petitioner has a plain, com-

plete and adequate remedy by appeal from said orders which were entered by the lower court in the exercise of its· constitutional authority; that facts set up in the petition for writ of prohibition have arisen subsequent to the going down of the mandate of this Court on a former appeal.

It is established law in Florida that the writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. ˙It is a prerogative writ, used with great caution, where the ordinary remedies provided by law are not applicable or adequate. A distinction is recognized by the authorities between the assumption of a jurisdiction, to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction with which the court is invested.˙ See Crill v. State Road Department, 96 Fla. 110, 117 So. 795; Curtis v. Albritton, 101 Fla. 853, 132 So. 677.

It is contended that a levy of execution under the chancery orders for the non payment of alimony and attorney's fees dated December 4, 1940, and January 3, 1941, on the property of William S. Burkhart situated in Dade County, and the advertisement of the same for sale without personal service of process on Burkhart and thereby subjecting him to great expense and irreparable damages, is without due process of law and contrary to the guaranties of the State and Federal Constitutions and that the lower court should be prohibited from usurping or exercising a jurisdiction with which .it has not been invested by law. Each of the orders here challenged was by the lower court entered in the exercise of its chancery jurisdiction on constructive service for temporary alimony granted the wife and for attorney's fees

ordered paid in connection with the litigation. The property of the defendant Burkhart located in Dade County was being advertised for sale and the proceeds arising from the sale the items named in the orders were to be paid.

The courts of Florida have the power to grant decrees of divorce, alimony, temporary and permanent, and attorney's fees. It is unnecessary to cite authorities to sustain this statement. The constructive service on Burkhart; it is contended, does not as a matter of law authorize the circuit court to make the chancery orders, *supra,* and permit a levy thereunder and sale of the property of Burkhart situated in Dade County; and that the State and Federal Constitutions are being violated and such a proceeding would be authorized *only* when the defendant is personally served with process and the court obtains jurisdiction.

The answer to this contention is the ruling of the Supreme Court of the United States in the case of Pennington v. Fourth Natl. Bank, 243 U. S. 269, 37 Sup. Ct. 282, 61 L. Ed. 713, where the facts are viz.: Mrs. Pennington obtained a divorce and alimony in a state court of Ohio and the Fourth National Bank of Cincinnati was made defendant with her husband, and the bank was enjoined from paying out any part of the deposits appearing to the credit of the husband. The bank made payments directly to the wife in compliance with orders of the court. The husband presented to the bank a check for the full amount of the deposit, asserting that the court's orders deprived him of his property without due process of law, in violation of the Fourteenth Amendment and were void, since he was a *nonresident* of Ohio and had *not* been personally served with process within the state; had not appeared in the suit, and had been served by publication *only*. Payment of the check was refused, when Pennington brought suit in another Ohio court against the bank for the full amount of the deposit.

Judgment was rendered for the bank and Pennington took writ of error to the Court of Appeals for Hamilton County, and thence to the Supreme Court of Ohio, where the judgments were affirmed. The case was then presented to the Supreme Court of the United States, where Pennington claimed that his constitutional rights had been violated. The Supreme Court of the United States sustained the judgment of the Ohio Supreme Court, and in so doing, part, said:

"The Fourteenth Amendment did not, in guaranteeing due process of law, abridge the jurisdiction which a State possessed over property within its borders, regardless of the residence or presence of the owner. That jurisdiction extends alike to tangible and to intangible property. Indebtedness due from a resident to a non-resident—of which bank deposits are an example—is property within the State. Chicago, Rock Island & Pacific Ry. Co. v. Sturm, 174 U. S. 710. It is, indeed, the species of property which courts of the several States have most frequently applied in satisfaction of the obligations of absent debtors. Harris v. Balk, 198 U. S. 215. Substituted service on an non-resident by publication furnishes no legal basis for a judgment *in personam*. Pennoyer v. Neff, 95 U. S. 714. But garnishment of foreign attachment is a proceeding *quasi in rem*. Freeman v. Alderson, 119 U. S. 185, 187. The thing belonging to the absent defendant is seized and applied to the satisfaction of his obligation. The Federal Constitution presents no obstacle to the full exercise of this power.

It is asserted that these settled principles of law cannot be applied to enforce the obligation of an absent husband to pay alimony, without violating the constitutional guaranty of due process of law. The main ground for the contention is this: In ordinary garnishment proceedings the obligation enforced is a debt existing at the commencement of the action, whereas the obligation to pay alimony arises only

as a result of the suit. The distinction is, in this connection, without legal significance. The power of the State to proceed against the property of an absent defendant is the same whether the obligations sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or in tort. It is likewise immaterial that the claim is at the commencement of the suit inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizures at the commencement of proceedings, and the opportunity of the owner to be heard. Where these essentials exist a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt—that is, it will be valid not *in personam* but as a charge to be satisfied out of the property seized."

The validity of the orders dated December 4, .1940, and January 3, 1941, here challenged, can or may be reviewed ·by this Court directly on appeal or by petition for a writ of certiorari. The attack here made on said orders is limited to the constitutional power of the court to sequester the property of Burkhart located within the jurisdiction of the court on constructive service. The enforcement of the payment of the alimony orders by contempt proceedings on constructive service is not before the Court. It appears that the action of the lower court sought here to be prohibited on the theory of excess of jurisdiction is a proceeding substantially *in rem*. In such a proceeding substituted service by publication is sufficient notice to answer the requirements of due process.

The law assumes that property is always in the possession of its owner, in person or by agent, and it proceeds

upon the theory that its seizure will inform the owner, not only that it is taken into custody of the court, but that he must look to any proceedings authorized by law upon seizure for its condemnation and sale.

The seizure of the owner's property situated within the jurisdiction of the court for the non-payment of temporary alimony and attorney's fees based on constructive notice is sufficient to meet all constitutional requirements. See Newton v. Bryan, 142 Fla. 14, 194 So. 282; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; 21 R. C. L. par. 34, pages 1290-1291; Baker v. Baker, 242 U. S. 394, 37 Sup. Ct. 152, 61 L. Ed. 386; McDonald v. Mabee, 243 U. S. 90, 37 Sup. Ct. 343, 61 L. Ed. 608; Mohr. v. Manierre, 101 U. S. 417, 25 L. Ed. 1052; Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372.

The case of Geary v. Geary, 272 N. Y. 390, 6 N. E. (2d) 67, 108 A. L. R. 1293, possesses a factual situation similar to the case at bar. The New York courts entered an alimony order in behalf of the wife on constructive service of the husband while he was located in California. Property of the husband located in the State of New York was sequestered to satisfy the alimony orders. It was contended that the courts of New York in so doing were exceeding their constitutional powers. The court, in sustaining the sequestration of the husband's property located within the jurisdiction of the court to pay the alimony awards, in part said:

". . . Here seizure of the property though made in a pending matrimonial action after the service of the summons outside of the State was made long before judgment was entered. By service of the summons and complaint the defendant had constructive notice of the pendency of the action for separation. He chose to disregard it, though the court had jurisdiction even then to enter a decree of separation. When thereafter the defendant's property was sequestered,

the action became transformed into one where the defendant's property could be applied in satisfaction of alimony that might be awarded in the action. . . ."

See 17 Am. Jur. pages 426-7, par. 522; Schouler on Marriage, Divorce & Separation, Vol. 2 (6th Ed.) pages 1942-3, par. 1760; Bailey v. Bailey, 127 N. C. 474, 37 S. E. 502; Rea v. Rea, 123 Iowa 241, 98 N. W. 787; Chapman v. Chapman, 194 Mo. App. 483, 185 S. W. 221.

Emphasis of counsel is placed on the order entered by the Honorable Worth W. Trammell, circuit judge, dated January 3, 1941, in the case at bar and we are requested in this prohibition proceeding to hold that the same is a personal judgment and the lower court, on constructive service, was without constitutional power to enter the same. While the order complained of has some of the earmarks of a final judgment, at the same time it was entered in a chancery proceeding between the parties and the case has a certain chancery number for identification purposes. Let us concede, for the sake of argument, that the order dated January 3, 1941, is a final judgment. Then let us inquire if, under the law applicable to prohibition proceedings, can or may the same be collaterally attacked as here contended? It cannot be questioned that the lower court had the power to grant divorce decrees, enter alimony orders and award counsel fees. The errors incidental thereto, if error exists, may be reviewed by appeal. There is no usurpation of jurisdiction not authorized by law in ordering the sale of property of Burkhart located within the jurisdiction of the court for the non-payment of alimony based on constructive service. Prohibition will not lie to prevent erroneous exercise of jurisdiction. Harrison v. Murphy, 132 Fla. 579, 181 So. 386; State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666; State ex rel. Glass v. Sebring, 117 Fla. 788, 158 So. 446.

The respective answers of the respondent circuit judges are to the effect that the orders challenged were each entered in pursuance of their constitutional authority as judges of the Circuit Court of Dade County, Florida, and the grounds of the demurrer filed by Leonora F. Burkhart to the petition is to the effect; (a) that the petition for writ of prohibition failed to set out facts authorizing the issuance thereof; and (b) that the petitioner Burkhart has a plain, complete and adequate remedy by appeal from the orders entered by the judges of the Circuit Court of Dade County, Florida, in the exercise of their constitutional authority.

The answers of the respondent judges of the Circuit Court of Dade County, Florida, to the rule *nisi* issued on the petition for prohibition are each hereby sustained, and the demurrer of Leonora F. Burkhart to the said petition for a writ of prohibition is sustained. The rule *nisi* previously issued is quashed and the petition dismissed.

It is so ordered.

BROWN, C. J., TERRELL and BUFORD, J. J., concur.

THOMAS, J., agrees to conclusion.

### ON PETITION FOR REHEARING

CHAPMAN, J.—On petition for rehearing it is pointed out that the original opinion in the case at bar is unsound because the real property owned by Burkhart and located in Dade County, Florida, nor seized under the process of the court at the commencement of the suit for alimony, and for this reason several of the authorities cited in the opinion were inapplicable and not controlling. The cited cases have been re-examined in the light of this contention. The answer to this contention is found in Schouler on Marriage, Divorce and Separation, Vol. 2 (6th Ed.) page 1943 in the following portion of paragraph 1760:

"1760. Jurisdiction Over Property Rights Within Jurisdiction. . . .

"It was claimed that alimony could not be collected by a proceeding *quasi in rem,* as no debt existed at the commencement of the action, but the obligation to pay alimony arises only as a result of the suit.

"The Court remarks, however, that the distinction is without legal significance, as the power of the State to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim, and it is immaterial that the claim is at the commencement of the suit inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard. The injunction is an effective seizure for this purpose."

It is well settled law in Florida that courts of chancery have the power to enforce their orders and decree lawfully made and entered. See Section 67 of Chapter 14658, Acts of 1931, Laws of Florida. The record shows that Burkhart was by a court of chancery ordered to pay to his wife certain sums as temporary alimony and attorneys' fees. This order was based on constructive service. The Circuit Court of Dade County, after the entry of the order allowing temporary alimony and attorneys' fees, likewise ordered that property of Burkhart situated in Dade County be sequestered and sold to pay the amount adjudged to be due by him as alimony and counsel fees. The failure to seize or take over the property of Burkhart located within the jurisdiction of the court when the suit was instituted does not vitiate the proceeding now in process to sell the said property, as contended under the case of Pennoyer v. Neff, 95

U. S. 714, 24 L. Ed. 565. It was there held that the law assumes that property is always in the possession of its owner, in person or by agent, and the law proceeds on the theory that its seizure under the process of the court will inform the owner (in this case Burkhart) that his property is taken into custody of the court under its said process and that the owner thereof must look to any legal proceedings authorized by law for its seizure and sale. The judgment here challenged on constructive service against the non-resident Burkhart is a judgment *in rem* on his property situated within the jurisdiction of the court. See Newton v. Bryan, 142 Fla. 14, 194 So. 282. The law does not require notice prior to the entry of a sequestration order similar to the one questioned, but the notice of the sale of said property thereunder is sufficient. See Geary v. Geary, 272 N. Y. 390, 6 N. E. (2d) 67, 108 A. L. 1923, and annotations 1303, *et seq.*

The petition for a rehearing is denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

THOMAS, J., agrees to conclusion.

BROWN, J., dissents.

BROWN, C. J. (dissenting).—Upon a closer study, on this petition for rehearing, of the cases of Pennoyer v. Neff, 95 U. S. 714, 24 Law Ed. 565, and Pennington v. Fourth National Bank, 243 U. S. 269, 61 L. Ed. 713, I think we reached an erroneous conclusion as to the meaning and effect of those cases as applied to the instant case, and that therefore the petition for rehearing should be granted.