CARROLL, CHAS., Judge.
This is an interlocutory appeal from an order after final decree in a divorce suit.
The parties were divorced in Dade County in 1956, by a final decree which ordered the defendant husband to pay to the wife $15 per week for child support, and which found the husband was in arrears in the amount of $795 for child support which had been ordered paid pendente lite. The final decree gave the wife a lien on the home property which the husband owned, to secure payment to her of the $795 child support arrearage.
In September of 1959 the ex-wife, who will be referred to as the plaintiff, sought and obtained a rule to show cause directed to the ex-husband, herein referred to as the defendant, “for violation of the above order [final decree] issued in this cause.” It appears that the violation consisted of the defendant’s failure to pay the child support ordered in the final decree, for which the accumulated default was $2,355. This was in addition to the unpaid child support of $795 which had accrued during the pend-ency of the divorce suit. Also, it was shown that the plaintiff had paid the monthly mortgage payments on the home property from March of 1955, for which she claimed a right to be reimbursed.
The parties were before the court on the hearing on the rule to show cause. No record of those proceedings was made. The order entered thereon, dated September 7, 1959, was as follows:
“This Cause coming on to be heard before me, and the plaintiff and defendant both being present and the Court being fully advised in the premises, it is therefore,
*53 "Ordered, Adjudged and Decreed
“(1) That the defendant is hereby-ordered to immediately execute a warranty deed in favor of the plaintiff, Mary Aileen Garland, on the property described as Lot 14, Block A, Miller Lawn, according to the plat thereof, recorded in Plat Book 4, Page 77 of the Public Records of Dade County, Florida, more commonly known as 1850 N. W. 19th Avenue, Miami, Florida.
“(2) That the plaintiff is hereby awarded a judgment in the amount of $2,355.00 against the defendant for unpaid support monies since September 4th, 1956, for a total of 157 weeks at $15.00 per week.
“(3) That the defendant is hereby ■ordered to commence payment of $15.00 per week each and every week for the support of the minor children •of the parties, commencing on the 18th •day of September, 1959.
“(4) That the defendant is hereby ordered to pay the plaintiff’s attorney J. H. Rolfs, attorney fees in the amount of $100.00 within 10 days from the date of this order.
“(5) That the Court will entertain a petition to set aside the second mortgage on the above described property held by relatives of the defendant, declaring said mortgage to be null and void.”
On this appeal the defendant questions the authority of the court to order him to oonvey to the plaintiff the home property owned by him; contends that the court •could not order the judgment against him “to be paid out of a specific res,”; and that the court was without authority to make a ruling against persons not a party to the suit who hold a second mortgage on the property.
Here there was due from the defendant to the plaintiff the following: $795 defaulted child support payments ordered prior to final decree, $2,355 representing defaulted child support payments subsequent to the final decree, and for which the chancellor granted judgment in favor of the plaintiff in the order now on appeal; and also an undetermined amount representing the monthly mortgage payments on the home property made by the plaintiff subsequent to the final decree of divorce.
The court was entitled to sequester the defendant’s property, and apply it in payment of the amounts due from him to the plaintiff for past due child support and for her advances on his behalf in payments on the home mortgage. See Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872; Randall v. Randall, 158 Fla. 502, 29 So.2d 238; 27B C.J.S. Divorce § 270b.
However, the record does not disclose the amount which was due to plaintiff from the defendant for the mortgage payments advanced by her. Thus, from this record, the total amount due from the defendant can not be determined, and the order appealed from does not state the total amount. Secondly, there does not appear to have been any appraisal or determination of the value of the residence premises. Those omissions from the record are important. If his property is to be sequestered and applied on his obligations to the plaintiff, no more of its value than is so needed should be devoted to that purpose. Therefore, the extent of his indebtedness must be found. Then the value of the property over and above the mortgage or mortgages thereon should be known, to determine therefrom the net value. If the latter is less than his debt, the debt or judgment should be reduced by that much. Here the defendant’s property was sequestered with no credit given him on the debt or judgment, which was allowed to remain outstanding in full. Further proceedings should be had to determine the facts necessary to be known, as above indicated, followed by application of the value of the property to pay or reduce the amount of his obligations to the plaintiff.
*54 If the second mortgage held by relatives of the defendant should be removed (in a separate suit or proceeding in which those mortgagees are made parties) as the chancellor’s order suggested might occur, the absence of that encumbrance would have to be taken into consideration in determining the net value of the defendant’s “equity” in the home premises. ■
The order appealed from is affirmed in part and reversed in part, and the cause is remanded for modification after further proceedings not inconsistent herewith.
It is so ordered.
HORTON, C. 'J., and PEARSON, J., concur.