CARROLL, Judge.
This interlocutory appeal from a post decretal order in a divorce suit marks the second appearance of the case here. See Frell v. Frell, Fla.App.1963, 154 So.2d 706. The facts were set out in our opinion on the first appeal. Material to the present appeal were the following facts: In 1961, three' years after a divorce decree which had imposed certain financial obligations on the husband, the wife moved in the cause for a contempt citation against the husband for certain substantial defaults under the decree, and moved to set aside his conveyance of certain real estate to his brother and the latter’s wife alleged to have been made without consideration and in fraud of her as a creditor. As stated in our earlier opinion, her object in having the conveyance set aside was in order “that said property would be available to satisfy the defendant’s obligations to the plaintiff under the divorce decree.”
The husband’s brother and his wife were impleaded and the trial court set aside the conveyance. At that hearing the wife submitted evidence that the property had a market value of $50,000. The grantees’ consideration was found inadequate (helping finance the husband for six years through college and medical school, supplying his furniture when he started out in practice and advancing him $2,400 cash). In addition, the trial court determined the husband was in default under the divorce *294 decree in the amount of $35,862, and entered a judgment thereon. On the prior appeal we affirmed those rulings.
The present appeal grew out of what took place thereafter with respect to the above mentioned property. Having succeeded in her effort to have the conveyance of the property set aside to make it available to apply on the defaulted obligations of the husband, the method the wife employed was an execution sale where she bought in the property for $5,000. Thereafter the husband filed his “Motion for Equitable Relief” in which he alleged the prior judgment against him for defaults under the divorce decree; the proceedings setting aside his conveyance of the property and the establishment there by the wife that its value was $50,000; the fact that the trial court had accepted and acted on the basis of that valuation; the subsequent sale of the property on execution resulting in the wife acquiring the property on a bid of $5,000; and, on the basis thereof, the husband represented that it would be inequitable for his valuable property, sequestered to be applied in discharge of his obligations under the decree, to be given over to the wife with only $5,000 being credited on the defaulted amounts owed by him. Without assigning reasons or grounds for the order, the chancellor denied the motion, and the husband appealed.
In our opinion the husband’s said motion set forth facts upon which, in the sound judicial discretion of the trial court, relief could be granted. Under the motion and any responsive pleadings, the matter of the value of the property in question should be determined, and since sequestration and application of a husband’s property to the discharge of his obligations under a divorce decree is an equitable px'ocess, the husband should be entitled to the benefit of the value of the property in reduction of his obligations to his wife when it is so applied. See Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872; Garland v. Garland, Fla.App. 1960, 118 So.2d 52; 27B C.J.S. Divorce § 270b; 2 Nelson, Divorce and Annulment, § 16.50 (2nd Ed., Revised Vol., 1961).
The order appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.