REED, Chief Judge.
This is a consolidated appeal by the defendant below from: (1) an order of 1 November 1971 entered by the Circuit Court for Broward County, Florida which provided for the sale of defendant’s interest in a motel and (2) an order in the same action dated 29 November 1971 denying a motion to enjoin the sale. The first order formed the basis for the appeal in Case No. 71-994; the latter for the appeal in Case No. 71-1089. Both orders were entered after final judgment in a divorce action.
Beginning with the final judgment the following are the procedural events leading up to this appeal. The final judgment was entered on or about 5 January 1967. It gave the plaintiff, appellee here, Patricia Serge, the custody of the parties’ two minor daughters. The appellant-defendant below received custody of a minor son. No alimony or support was awarded; however, the final judgment awarded possession of a jointly owned motel property to the plaintiff. In connection with that award, the final judgment provided that all income from the motel was to be applied against the first mortgage, taxes, insurance, maintenance, and upkeep. Any balance was to go to the plaintiff for her use and for the support of the children in her custody. The final judgment also awarded the plaintiff an attorney’s fee of $3500.00 which on 29 May 1967 was reduced to judgment.
On 16 December 1968 the plaintiff filed in the divorce action a motion for an award of salary in which she alleged that she was entitled to a salary for operating the motel without the defendant’s assistance. The trial court on 19 March 1969 deferred ruling on this motion. On 21 April 1971 by motion the plaintiff renewed her motion for salary. The order on the motions for salary is the order of 1 November 1971 appealed in Case No. 994. This order awarded plaintiff a salary in the sum of $100.00 per week from 7 January 1967 (2 days after the date of the final judgment) to the date of the hearing on the “salary” motions. The court calculated this amount to be $24,600.00 and declared one half of it, $12,300.00, to be a lien on the husband’s interest in the motel property. The order also awarded the plaintiff’s attorney a fee of $1500.00 for his services since the final judgment and taxed costs against the defendant in the amount of $130.00 and declared those amounts also to be a lien on defendant’s interest in the motel. The order also declared a similar lien in the plaintiff’s favor for the attorney’s fee previously awarded her ($3500.00) and for the costs previously taxed in her favor ($491.00). The order provided for a sale of the defendant’s interest in the property on 15 November 1971 by the clerk of the Circuit Court for Broward County, Florida.
Thereafter the defendant filed in the action a motion to enjoin the sale or to set the sale aside. The exact filing date is not clear, but the motion was served on 18 November 1971, three days after the date set *88 for the sale. This petition was denied by an order of 29 November 1971. That order was appealed in Case No. 1089. As mentioned we consolidated these interlocutory appeals here.
As stated by the appellant the points involved in appeal number 71-994 are:
“I. Whether the lower court had jurisdiction to enter the various provisions of its order of November 1st, 1971.
II. Whether or not the court’s order of November 1, 1971, amounted to a sequestering of appellant’s property and whether or not the procedures therefore were followed by the lower court.
III. Whether or not the court erred in disallowing appellant’s motion for continuance.”
Point 3 is without merit. Point 2 is covered by the following discussion of Point 1.
Under point one, the appellant contends that the trial court had no jurisdiction to enter an award of salary retroactive to the date of the final judgment. Certainly this type of award is not contemplated by F.S. § 61.14, 1971, F.S.A. which relates to the modification of awards of alimony and support. The parties cite no authority to support the jurisdictional issue either way. However, in our opinion, the claim for salary was in the nature of a totally independent cause of action and should have been asserted in an independent action based on new service of process.
Aside from the question of jurisdiction over the parties, there is no basis for the award apparent from the pleadings of the plaintiff. The initial pleading which raised the claim for salary was almost a naked conclusion that the plaintiff was entitled to a salary. Neither from the pleadings nor from the findings of fact in the order of 1 November 1971 does any basis for the award of salary appear. Appellee’s brief provides us with no reference to statute, contract, or other lawful basis to support the award. We, therefore, conclude that the trial court committed error in awarding plaintiff the salary. Paragraphs 3 and 4 of the order of 1 November 1971 are incidental to the salary award and should fall with it.
Paragraph 5 of the order of 1 November 1971 in effect sequestered the defendant’s interest in the motel property to pay attorney’s fees and costs arising out of the original divorce action. The trial court had the power as a court of equity to grant this relief inasmuch as the net effect was to enforce an award which had lawfully theretofore been made. See Burkhart v. Circuit Court of Eleventh Judicial Circuit, 1941, 146 Fla. 457, 1 So.2d 872. See also Garland v. Garland, Fla.App.1960, 118 So.2d 52.
Paragraph 8 of the order of 1 November 1971 provided for the sale of the property. Inasmuch as it was a sale for the purpose of foreclosing all of the aforementioned liens, the sale was improperly ordered.
Accordingly Paragraphs 2, 3, 4, 8 and 10 of the order of 1 November 1971 are quashed. On remand, the trial court is directed to vacate the sale, if in fact it has been held. It may in its discretion provide for another sale, after reasonable notice, to foreclose the lien created by Paragraph 5 of the order of 1 November 1971.
As to points 2 and 3, it is obvious that point 3 has no merit and point 2 is answered by the discussion above. We have reviewed the points raised in appeal No. 71-1089 and find them without merit.
Remanded with instructions.
WALDEN and MAGER, JJ., concur.