404 So.2d 421 (1981)
Robert J. LAWRENCE and Lona Lawrence, Petitioners,
v.
ORANGE COUNTY and the Honorable Joseph P. Baker, Circuit Judge, Ninth Judicial Circuit of Florida, Respondents.
No. 81-1194.
District Court of Appeal of Florida, Fifth District.
October 9, 1981.
Melvin Pearlman, Winter Park, for petitioners.
Gordon H. Harris of Gray, Harris & Robinson, P.A., Orlando, for respondents.
FRANK D. UPCHURCH, Jr., Judge.
Robert and Lona Lawrence have petitioned this court to issue a writ of prohibition against Judge Baker seeking to prevent any further proceedings in the lower court. Petitioners claim that the action below should be dismissed based on the plaintiffs' (Orange County) failure to prosecute. Fla.R.Civ.P. 1.420(e).
*422 Prohibition is an extraordinary writ extremely narrow in scope and operation by which a superior court, having appellate and supervisory jurisdiction over an inferior court or tribunal possessing judicial or quasi-judicial power, may prevent such inferior court or tribunal from exceeding its jurisdiction or usurping jurisdiction over matters not within its jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977). It will be invoked only in emergency cases to forestall an impending present injury where no other appropriate and adequate legal remedy exists, Joughin v. Parks, 107 Fla. 833, 147 So. 273 (1933), and only when damage is likely to follow the inferior body's acting without authority of law or in excess of its jurisdiction. Curtis, et al. v. Albritton, 101 Fla. 853, 132 So. 677 (1931).
Prohibition, therefore, may generally be granted only when it is shown that the lower tribunal is without jurisdiction or is attempting to act in excess of jurisdiction. English at 296. It will not lie to prevent the mere erroneous exercise of jurisdiction by an inferior tribunal. Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941).
In the present case, petitioners contend that the trial court's refusal to dismiss the action for failure to prosecute is error. This issue does not involve a lower tribunal acting without or in excess of jurisdiction but rather concerns an incorrect application of the law. Prohibition is therefore not a proper remedy. Since the order complained of is not one of the non-final orders which may be appealed under Florida Rule of Appellate Procedure 9.130, we could treat the petition as one requesting the issuance of a writ of common law certiorari, Rule 9.040(c), but even this remedy would not be available here because: 1) this court has already held that it will not entertain the issuance of such writ in cases where the order complained of is one where a motion to dismiss for lack of prosecution has been denied, Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980), and 2) even if otherwise proper, a petition for writ of certiorari must be filed within thirty days of the rendition of the order to be reviewed, and the petition here was filed much beyond that time. Fla.R. App.P. 9.100(c).
Petition for Writ of Prohibition is DENIED.
ORFINGER and COWART, JJ., concur.