777 So.2d 1101 (2001)
A.D.W., Petitioner,
v.
STATE of Florida, Respondent.
No. 2D99-4483.
District Court of Appeal of Florida, Second District.
January 26, 2001.
*1102 Julianne M. Holt, Public Defender, and Marcia Perlin, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
A.D.W., the petitioner, was charged with sexual battery pursuant to section 794.011(2), Florida Statutes (1997). Following its review of the case, the State offered a pretrial rehabilitation plan to A.D.W. This plan was described as a Walker Plan pursuant to Florida Rule of Juvenile Procedure 8.075. However, the offered rehabilitation plan does not track the exact provisions of the rule but, instead, adds a provision that requires A.D.W. to enter a plea of guilty if he violates the plan's other provisions.
A Walker Plan, in its pertinent part, is described as:
(b) Plan of Proposed Treatment, Training, or Conduct. After the filing of a petition and prior to the adjudicatory *1103 hearing, a plan of proposed treatment, training, or conduct may be submitted on behalf of the child in lieu of a plea. The appropriate agencies of the Department of Juvenile Justice or other agency as designated by the court shall be the supervising agencies for said plan and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of a plan is not an admission of the allegations of the petition of delinquency.
If such a plan is submitted the procedure shall be as follows:
(1) The plan must be in writing, agreed to and signed in all cases by the state attorney, the child, and, when represented, by the child's counsel, and, unless excused by the court, by the parents or custodian. An authorized agent of the supervising agency involved shall indicate whether the agency recommends the acceptance of the plan.
Fla.R.Juv.P. 8.075(b) (emphasis added).
The rehabilitation plan was agreed to by A.D.W. and his counsel and accepted in open court on March 11, 1999. Thereafter, A.D.W. violated the plan by pleading to four new offenses. The trial court held a hearing on that violation on October 7, 1999.
At the hearing, the State argued that the entry of a plea of guilty by A.D.W. was pro forma based on his agreement to the plan. The defense argued that he deserved an adjudicatory hearing because he would not agree to enter a plea of guilty to this offense at this time. The trial court found that A.D.W. had agreed under the terms of the rehabilitation plan to enter a plea if he violated, and the court entered the plea for A.D.W.
A.D.W. requests this court to prevent the trial court from sentencing him in excess of its jurisdiction on this charge because the plea was entered over his objections. We agree that the trial court exceeded its jurisdiction in entering the plea for A.D.W. over his objections based on the rehabilitation plan.
In Burkhart v. Circuit Court of the Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941), the court held that a writ of prohibition would lie to prevent the circuit court from continuing to exercise jurisdiction it does not have. The court in Burkhart explained that a writ of prohibition would issue to prevent the assumption of jurisdiction for which the lower tribunal had no legal claim, but concluded that the lower tribunal had jurisdiction in the case to enter the decree of divorce at issue. In the Burkhart case, the court admonished that a writ of prohibition would not issue when the party seeking it had an adequate remedy at law to redress the wrong about to be inflicted by the trial court. See also English v. McCrary, 348 So.2d 293, 296 (Fla.1977) (holding remedy of prohibition is only available when the trial court is without jurisdiction or is acting in excess of its jurisdiction). As cautioned by the court in Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla.1992), the writ is very narrow in scope. However, the scope of the writ is wide enough to encompass a case where the court oversteps its authority.
A defendant does not have a right to demand a plea bargain. See Fair-weather v. State, 505 So.2d 653, 654 (Fla. 2d DCA 1987). Further, the state attorney has broad discretion to determine whether to charge or prosecute a defendant. See Cleveland v. State, 417 So.2d 653 (Fla.1982) (holding state attorney's decision to refuse consent to a pretrial intervention for a defendant is prosecutorial in nature and not subject to judicial review).
There is an exception to the rule that the State has the absolute discretion to determine whether to charge a defendant. This occurs when there is a statute that specifically authorizes the court to make such a determination. See State v. Dugan, 685 So.2d 1210 (Fla.1996) (finding that the language in section 397.705 explicitly *1104 authorizes the trial court to dismiss the charges against a defendant upon the successful completion of the required drug intervention program, even over the State's objections). In this case, A.D.W. has not directed this court to a statute that specifically authorizes him to demand a Walker Plan over the State's objection. Instead, the rule specifically requires that the State agree to the offered plan.
As argued by A.D.W., plea agreements are controlled by contract law. Moreover, as explained by the court in Garcia v. State, 722 So.2d 905, 907 (Fla. 3d DCA 1998):
A plea agreement is a contract and the rules of contract law are applicable to plea agreements. State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997). A party may waive any right to which he is legally entitled under the Constitution, a statute, or a contract. State, Department of Health & Rehabilitative Services v. E.D.S. Federal Corporation, 631 So.2d 353 (Fla. 1st DCA 1994). A defendant will not be relieved of an obligation that was included as a specific component of a plea agreement that was bargained for and voluntarily entered into by defendant. Allen v. State, 642 So.2d 815 (Fla. 1st DCA 1994).
Minors are allowed, contrary to A.D.W.'s arguments to the court, to enter into agreements for pretrial intervention through rule 8.075. This would indicate that A.D.W. had the ability to waive the right to an adjudicatory hearing through a plea agreement. However, what the State is trying to enforce is not a plea agreement. What the State is trying to enforce could be considered as an executory agreement to plead.
As expressed by the court in State v. Vixamar, 687 So.2d 300, 301 (Fla. 4th DCA 1997):
The agreement between the state and defendant is best characterized as a negotiated disposition, since it did not necessarily contemplate that the defendant would enter a plea. Even if the agreement between the state and defendant amounted to a plea bargain, there was no constitutional violation. A defendant's acceptance of a prosecutor's proposed plea offer creates no constitutional right to have the bargain specifically enforced. As the United States Supreme Court observed in Mabry v. Johnson, 467 U.S. 504, 507-08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984), "[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution."
Here, the parties have not indicated to this court that at the time of the agreement the trial court initiated a plea colloquy or established that A.D.W. was knowingly, intelligently, and voluntarily waiving his right to an adjudicatory hearing on this charge, and no plea was entered by A.D.W. at the time the agreement was filed.
The stipulation to enter a plea cannot validly act as a plea without a contemporaneous plea colloquy indicating that the defendant knowingly, intelligently, and voluntarily waived his rights. Any error in the plea colloquy would be correctable on appeal, but a complete absence of a knowing, intelligent, and voluntary waiver vitiates the agreement to enter a plea. The fact that the executory agreement was accepted by the court did not transform this executory agreement into a plea agreement due to the requirement that a plea to waive any constitutionally protected right must be knowingly, intelligently, and voluntarily entered into by the defendant with an adequate inquiry by the trial court. See D.V.L. v. State, 693 So.2d 693 (Fla. 2d DCA 1997); Koenig v. State, 597 So.2d 256 (Fla.1992).
Therefore, this court grants A.D.W.'s petition for a writ of prohibition. The trial *1105 court shall hold an adjudicatory hearing for the petitioner on the charge of sexual battery unless the petitioner decides to voluntarily enter a plea on the charge.
PATTERSON, C.J., and ALTENBERND and NORTHCUTT, JJ., concur.