PLEUS, J.
Beverly Enterprises-Florida, Inc., the defendant in a nursing home negligence action, seeks certiorari review of a non-final order reinstating the underlying action. The complaint was dismissed without prejudice for failure to prosecute. See generally Fla. R. Civ. P. 1.420(e). The circuit court later reversed its ruling and reinstated the action.
By nullifying its earlier ruling and reinstating the action, the trial court effectively denied Beverly’s motion to dismiss for lack of prosecution. An order which denies a motion to dismiss for lack of prosecution is not reviewable by certio-rari, but that issue can be raised on plenary appeal. See Lawrence v. Orange County, 404 So.2d 421 (Fla. 5th DCA 1981); Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980). The inconvenience and expense of proceeding to trial after the denial of a motion to dismiss does not constitute the type of material harm or irreparable injury for *1173 which certiorari relief is available.[1] Unnecessary litigation will always be expensive and inconvenient, but the authorities are clear that such harm does not justify certiorari relief. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
An order setting aside a dismissal of an action for failure to prosecute is a non-appealable, non-final order. See Cape Royal Realty, Inc. v. Kroll, 804 So.2d 605 (Fla. 5th DCA 2002). Whether the trial court erred in reconsidering its earlier ruling and in reinstating the underlying action can likewise be raised on appeal from the final judgment. We therefore deny the petition without prejudice to raise these issues on a plenary appeal.
PETITION DENIED.
GRIFFIN and TORPY, JJ., concur.

. Certain orders denying a motion to dismiss are reviewable by extraordinary writs, but the instant case does not involve any of these exceptions to the general rule. See, e.g., Sova Drugs, Inc. v. Barnes, 661 So.2d 393 (Fla. 5th DCA 1995) (recognizing certiorari as a remedy to review order denying motion to dismiss complaint for failure to comply with medical malpractice pre-suit requirements); Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984), rev. denied, 464 So.2d 555 (Fla.1985) (petition for writ of certiorari was treated as a petition for writ of prohibition to review order denying motion to dismiss that was based on statute of limitations defense).