PER CURIAM.
DHL Express (USA), Inc., DHL Worldwide Express, Inc., and DPWN Holdings (USA), Inc. (hereinafter DHL) petition this court for a writ of prohibition. They contend that an action pending against them in the Circuit Court for Leon County is preempted by federal law. Finding petitioners’ arguments to be well-taken, we grant the petition.
Petitioners contracted to provide courier services to the State of Florida. The contract authorizes DHL to impose surcharges at fixed rates when the price of fuel rises above an established base price. New York residents Kevin Grupp and Robert Moll brought the circuit court suit in question under the Florida False Claims Act, sections 68.081 through 68.09, Florida Statutes. They contend DHL improperly billed a fuel surcharge for aviation fuel when packages did not travel by air. Further, according to the complaint, DHL *428 charged a diesel fuel surcharge for ground deliveries despite the fact that DHL’s independent contractors incurred the increased cost of such fuel.
Copies of the complaint and supporting documents were served on the appropriate state officials in accordance with section 68.083(3), Florida Statutes. The State declined to intervene and the case below proceeded without its participation. DHL moved to dismiss the complaint, arguing the action is preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b)(l)(ADA) and the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c)(1) (FAAAA). When that motion was denied, the instant prohibition petition was filed.
First, we agree with petitioners that this court may grant a writ of prohibition in this circumstance, where there are no disputed issues of fact and the lower tribunal is poised to proceed without subject-matter jurisdiction. Am. Mar. Officers Union v. Merriken, 981 So.2d 544 (Fla. 4th DCA 2008); see also Boca Burger, Inc. v. Forum, 912 So.2d 561, 568 (Fla.2005) (“Florida courts ... have held that the issue of federal preemption is a question of subject matter jurisdiction.”). Thus, we have jurisdiction. Our standard of review on the question of law presented is de novo. Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999).
Both the ADA and the FAAAA provide that a state “may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of a ... carrier.” See 49 U.S.C. § 41713(b)(1) and 49 U.S.C. § 14501(c)(1). Respondents argue that their qui tarn suit in circuit court does not regulate DHL’s prices, routes, or service. Alternatively, they contend their suit, if it does so regulate, falls within the “market participant” exception to the federal pre-emptions. We disagree.
The United States Supreme Court has found a sweeping reach in the preemption clauses of the ADA and the FAAAA. In Morales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), the attorneys general of several states sought to enforce their states’ deceptive practices laws against airlines’ advertising concerning fares. The Court found that in light of the express breadth of the statute’s “relating to” phrase, state enforcement actions were preempted in that they had a connection or reference to the rates, routes, or services of the affected carriers. Applying that standard, the Court found the necessary connection or reference and upheld an injunction imposed by the United States District Court against the enforcement actions. A similar outcome was reached in American Airlines, Inc. v. Wolens, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), a case which we find particularly instructive. Members of the airline’s frequent flyer program sued for breach of contract and violation of their state’s fraud and deceptive business practices act, attacking a retroactive change to the program. Applying the test announced in Morales, the Court found the fraud and deceptive practices claims were preempted by the ADA but the breach of contract claims were not.
Applying these cases, we have no trouble concluding that respondents’ qui tam suit is preempted by the ADA and FAAAA. The suit clearly “relates to” DHL’s rates, routes, or services as it is directed at the aviation and diesel fuel surcharges billed by DHL. Additionally, the suit is more akin to the consumer fraud enforcement actions the Court found preempted in Morales and Wolens than to the breach of contract action allowed to proceed in Wolens. Unlike a simple breach of contract action, which is confined to “the parties’ bargain with no enlargement or enhancement based on state laws or policies external to the agreement,” see *429 Wolens, 513 U.S. at 283, 115 S.Ct. 817, respondents’ qui tarn suit is based on a state law whose purpose is to “deter persons from knowingly causing ... state government to pay claims that are false or fraudulent.” § 68.081(2), Fla. Stat.; see also § 68.082(2), Fla. Stat. (authorizing imposition of civil fines and treble damages in qui tam suits). Moreover, as observed by the Court in Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000), “the very idea of treble damages [in the Federal False Claims Act] reveals an intent to punish past, and to deter future, unlawful conduct, not to ameliorate the liability of the wrongdoers.” Id. at 786, 120 S.Ct. 1858 (quoting Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 639,101 S.Ct. 2061, 68 L.Ed.2d 500 (1981)).
The distinction in Wolens between simple breach of contract actions and those brought pursuant to an anti-fraud statute also refutes respondents’ “market participant exception” argument. Although the State of Florida was a market participant when it contracted with DHL, it acts as a regulator in authorizing suits under the False Claims Act which, as noted above, serve to deter future behaviors on the part of the defendants. See § 68.081(2), Fla. Stat. In the latter role, the state (and respondents’ on the state’s behalf) is not a market participant.
We grant the petition and issue the writ. The circuit court is directed to withdraw its earlier order denying DHL’s motion to dismiss. An amended order consistent with this opinion shall be entered.
PETITION GRANTED.
WOLF, HAWKES, and WETHERELL, JJ., concur.