WALLIS, J.
Brevard County (the “County”) petitions this Court for a writ of prohibition. The County argues the trial court exceeded its jurisdiction in ruling that it was not entitled to sovereign immunity from claims for implied contract, quantum meruit, and unjust enrichment brought by Respondent, Louis C. Morehead, III. We grant the County’s petition, quash the trial court’s order denying the County’s substituted motion for partial summary judgment, and remand with instructions to dismiss Counts I, II, and III of Morehead’s complaint.
This dispute concerns property located in Brevard County known as the J-2 Lift Station (“Lift Station”). General Development Corporation (“GDC”) initially constructed and developed the Lift Station in *1231 1968 as an integral component of the sanitary sewer system within the former Port St. John, Brevard County, Florida development/community being operated by General Development Utilities (“GDU”), a private utility enterprise.
In 1985, the County contracted with GDC and GDU, paying $100,000 to acquire the water and sanitary sewer plant in the Port St. John area.[1] GDC allowed the County to use the Lift Station for public sewer purposes serving GDC’s Port St. John, development. GDC transferred the Port St. John sanitary sewer plant to the County by special warranty deed. Since 1985, the County has operated the Lift Station with the consent of GDC and its successor, Atlantic Gulf Utilities Corporation, and has expended substantial sums for the maintenance and improvement of the Lift Station. In 1997, Morehead purchased the property from Mitchell S. Goldman, who in turn had previously purchased the property from Atlantic Gulf.
In 1998, Regency Realty Group, Inc. sued Morehead, Goldman, and the County to determine ownership status of the property that included the Lift Station. The County brought a cross-claim against Morehead for an irrevocable license, dedication, equitable title or equitable conversion, implied easement, and appurtenant easement. The County alleged: (1) it became the owner and operator of the Port St. John sanitary sewer system pursuant to its agreement with GDC and GDU; (2) the Lift Station is an integral and essential part of the sanitary sewer system; (3) the parties recorded a special warranty deed transferring the Port St. John sanitary sewer plant to the County; (4) its use and occupation of the disputed Lift Station has been open, obvious, and notorious since 1985; and (5) it spent more than $181,000 for the maintenance and improvement of the Lift Station. The County further alleged that Morehead obtained a copy of the Lift Station improvements from the County’s records and that the description of improvements was later attached to the deed from Goldman to Morehead.
Morehead filed a counter-crossclaim for inverse condemnation and trespass. Morehead did not allege implied contract, unjust enrichment, or quantum meruit. After a non-jury trial on September 18, 2003, the trial court entered a final judgment, holding that the 1985 contract executed by GDC, GDU, the City of Cocoa, and the County constituted an irrevocable license from GDC and GDU, covering the Lift Station. The court further determined that, prior to purchase, Morehead had actual and constructive notice of the license and the County’s rights to construct, operate, and maintain the Lift Station. The trial court denied Morehead’s claims for inverse condemnation and trespass. Morehead did not appeal.
In 2007, Morehead filed the present suit, alleging inverse condemnation, which the trial court found barred by re's judicata. Morehead’s third ’ amended complaint sought damages for implied contract, quantum meruit, and unjust enrichment based on the County’s occupation and use of Morehead’s land for the operation of the Lift Station (Counts I, II, and III). More-head also sought injunctive relief (Count IV). The complaint alleged the County’s liability to Morehead “in implied contract” arises under the common law, the Fifth Amendment to the United States Constitution, and. Article Ten, Section Six of the Florida Constitution, which prohibit the *1232 taking of private-property without the payment of just compensation. In his complaint, Morehead conceded that he has no written, express contract with the County, but alleged an implied agreement based on the parties’ conduct.
In August 2014, the County moved for partial summary judgment,- arguing Counts I, II, and III were barred because they arose out of the same transaction or occurrence that was the subject matter of the original suit. The trial court denied the County’s motion, and this court declined certiorari review. The County then filed a substituted motion for partial summary judgment as to Counts I, II, and III, arguing it receives the protection of sovereign immunity.[2] On July 29, 2015, the trial court denied the County’s substituted motion, for partial summary judgment. Although the trial court admitted that the County raised a meritorious sovereign immunity defense, it determined that Morehead asserted disputed material facts, precluding the trial court from granting summary judgment.[3] This petition for writ of prohibition follows.
“Prohibition is an extraordinary writ extremely narrow in scope and operation by which a superior court ..may prevent such inferior court or tribunal from exceeding its jurisdiction or usurping jurisdiction over matters not within its jurisdiction.” Lawrence v. Orange Cty., 404 So.2d 421, 422 (Fla. 5th DCA 1981) (citing English v. McCrary, 348 So.2d 293 (Fla.1977)). “[T]his court may grant a writ of prohibition ... where there are no disputed, issues of fact and the lower tribunal is poised to proceed without subject-matter jurisdiction.” DHL Exp. (USA), Inc. v. State, ex rel. Grupp, 60 So.3d 426, 428 (Fla. 1st DCA 2011) (citations omitted). We review de novo a question of law presented in a writ -of prohibition. See id.
Sovereign immunity “protects the state from burdensome interference from the performance of its governmental functions and preserves ’ its control over state funds, property and instrumentalities.” Davis v. State, Dep’t of Corr., 460 So.2d 452, 461 (Fla. 1st DCA 1984) (citation omitted). “In Florida, sovereign immunity is the rule, rather than the excep-tion. . .” Pan-Am Tobacco Corp. v. Dep’t of Corr., 471 So.2d 4, 5 (Fla.1984). “Although the Legislature has explicitly waived sovereign immunity in tort for personal injury, wrongful death, and loss or injury of property, it has not done so for contract claims.” City of Orlando v. W. Orange Country Club, Inc., 9 So.3d 1268, 1272 (Fla. 5th DCA 2009) (footnote omitted). “Moreover, waiver will not be found as a product of inference or implication.” Am. Home Assurance, Co. v. Nat’l R.R. Passenger Corp., 908 So.2d 459, 472 (Fla.2005) (citing Spangler v. Fla. State Tpk. Auth., 106 So.2d 421, 424 (Fla.1958)). “The aforementioned cases demonstrate that a municipality waives the protections of sovereign immunity only when it enters into an express contract. When an alleged contract is merely implied, however, these sovereign immunity protections remain in force.” City of Fort Lauderdale v. Israel, 178 So.3d 444 (Fla. 4th DCA 2015).
The only material fact the trial court had to determine in this case was whether a written contract existed between the par *1233 ties. It is undisputed that no express, written contract exists between Morehead and the County, . Furthermore, the trial court acknowledged in its order denying the County’s substituted motion for partial summary judgment that the County’s arguments regarding the lack of an express contract and failure to waive its sovereign immunity had merit. The trial court’s order clearly demonstrates that it denied summary judgment solely to enable More-head to “have his day in court.” For these reasons, the County did not waive its . sovereign immunity, and the trial court lacks subject matter jurisdiction over Counts I, II, and III of Morehead’s complaint. The trial court retains subject matter jurisdiction over Count IV for injunctiye relief.
PETITION GRANTED; ORDER QUASHED; REMANDED with INSTRUCTIONS.
SAWAYA and LAMBERT, JJ., concur.

. Morehead agrees that the County purchased the sanitary sewer plant, but he claims the Lift Station was not apart of it.

. See Arnold v. Shumpert, 217 So.2d 116, 120 (Fla.1968) (“A county is-a division'of the state. It enjoys the state’s sovereign immunity unless the 'Legislature' by a general law provides otherwise.” (citation omitted)).

. Because the trial court denied summaiy judgment' on the basis of disputed material facts, we lack jurisdiction to consider this . case as a direct appeal. See Fla. R, App. P. 9.130(a)(3)(C)(xi).